## In re DOBBS.

(District Court, N. D. Georgia. October 16, 1909.)

No. 2,191.

1. HOMESTEAD (§ 51*)—EXEMPTION—STATUTES.

Civ. Code Ga. 1895, § 2830, requiring a person applying for exemption to make a full and fair disclosure of all personal property, etc., applies to the constitutional or $1,600 homestead, but not to the statutory homestead.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 51.*]

2. BANKRUPTCY (§ 400*)—HOMESTEAD EXEMPTION.

Whether a bankrupt is entitled to a statutory homestead exemption, and whether the application therefor has been made in time, is for the original determination of the referee, subject to review by the court, if desired by the bankrupt or creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

On rehearing. Denied.

For former opinion, see 172 Fed. 682.

George F. Gober and Clay & Morris, for bankrupt.

Moore & Pomeroy, for petitioning creditors.

NEWMAN, District Judge. An order was made on July 10, 1909, denying the bankrupt an exemption of $1,600, which had been set apart for him by the trustee and approved by the referee. I gave briefly at that time my reasons for so doing. Application has been made for a rehearing, and counsel have been heard recently on this application. I have gone over the evidence again with considerable care, and am thoroughly satisfied that the conclusion reached in July was correct.

Suggestion has been made by counsel, in the recent argument of this matter, that the bankrupt would be entitled, in any event, to the statutory homestead. The statute of Georgia (Civ. Code 1895, § 2830), which requires a person applying for exemption to make a full and fair disclosure of all personal property, etc., applies to the constitutional or $1,600 homestead. I do not understand that it applies at all to the statutory homestead. Whether the bankrupt can have an exemption of this sort, and whether the application for the same is made in time, I think should be left for the referee to determine originally, subject to review here, if it is so desired by the bankrupt or by the creditors.

An order may be taken reaffirming the order already made in this case, denying the $1,600 exemption, and the matter may go back to the referee for such action as he deems advisable with reference to the statutory or "short" homestead.